UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | **CV-20-963-MWF (AFMx)**<br>**CV-20-2524-MWF (AFMx)**<br>**CV-20-2574-MWF (AFMx)** | **Date:** | **April 1, 2020** |
| Title: | Larry Tran v. Beyond Meat, Inc. et al, and related cases | | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                                    Court Reporter:
Rita Sanchez                                     Not Reported

Attorneys Present for Plaintiff:                 Attorneys Present for Defendant:
None Present                                     None Present

**Proceedings (In Chambers):**   ORDER CONSOLIDATING THE RELATED CASES

On January 30, 2020, Larry Tran filed his securities class action complaint in *Larry Tran v. Beyond Meat, Inc.*, Case No. 20-963-MWF (the "*Tran* Action"). (*Tran* Action Docket No. 1). Generally, the *Tran* Action concerns allegations arising from a lawsuit brought by a former supplier of Beyond Meat, Inc. ("Beyond Meat"), Don Lee Farms in Los Angeles Superior Court, along with a lawsuit brought by one of Beyond Meat's new manufacturing partners, ProPortion Foods, LLC ("ProPortion"), captioned *Don Lee Farms v. Savage River, Inc.*, Case No. BC662838 (Cal. Super. Ct.) ("*Don Lee Farms*"). (*Id.*). *Don Lee Farms* included allegations that Beyond Meat had employed lax food safety practices, that Don Lee Farms found plastics, cardboard and a metal nozzle in ingredients that Beyond Meat supplied, and that a Beyond Meat truck had arrived at a Don Lee Farms processing facility with a load contaminated with an unidentified white powder. (*Id.*).

Subsequent to the *Tran* Action, on March 16, 2020, Eric Weiner filed his shareholder derivative complaint against officers of Beyond Meat (listing Beyond Meat as a nominal defendant) in *Eric Weiner v. Ethan Brown et al.*, Case No. 20-2524-MWF (the "*Weiner* Action"). (*Weiner* Action Docket No. 1). Just as with the *Tran* Action, the *Weiner* Action concerns *Don Lee Farms*, and contains the same allegations regarding lax food safety practices. (*Id.*). The *Weiner* Action was transferred to this Court as a related case on March 20, 2020. (*Weiner* Action Docket No. 8).

---

**CIVIL MINUTES—GENERAL**                                                                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-20-963-MWF (AFMx)**               **Date:  April 1, 2020**
        **CV-20-2524-MWF (AFMx)**
        **CV-20-2574-MWF (AFMx)**
Title:     Larry Tran v. Beyond Meat, Inc. et al, and related cases

Finally, subsequent to the *Weiner* Action, Kimberly Brink and Melvyn Klein filed their shareholder derivative complaint against officers of Beyond Meat (listing Beyond Meat as a nominal defendant) in *Kimberly Brink et al. v. Ethan Brown et al.*, Case No. 20-2574-MWF (the "*Brink* Action"). (*Brink* Action Docket No. 1). Just as with the *Tran* Action and the *Weiner* Action, the *Brink* Action concerns *Don Lee Farms*, and contains the same allegations regarding lax food safety practices. (*Id.*). The *Brink* Action was transferred to this Court as a related case on March 24, 2020. (*Brink* Action Docket No. 11).

Federal Rule of Civil Procedure 42(a) allows the Court to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (citation omitted); *see also Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016) ("[D]istrict courts have broad discretion to consolidate complaints . . . ." (citation and internal quotation marks omitted)).

In determining whether to consolidate actions, "a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028-29 (N.D. Cal. 2003) (citation omitted).

The Court finds the *Weiner* Action and the *Brink* Action well suited to consolidation. Both actions deal with the same allegations from *Don Lee Farms*, arise from the same alleged scheme by defendants, name the same core set of defendants, and allege the same underlying facts and circumstances.

As for the *Tran* Action, while it also concerns the same factual allegations, because it is a securities class action, it is distinct enough to proceed forward, for now. However, the Court is concerned that separate discovery in the class action and the new consolidated action may be burdensome for certain witnesses.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV-20-963-MWF (AFMx)<br>CV-20-2524-MWF (AFMx)<br>CV-20-2574-MWF (AFMx) | **Date:** April 1, 2020 |
| **Title:** Larry Tran v. Beyond Meat, Inc. et al, and related cases | |

Accordingly, the Court **ORDERS** the *Weiner* Action and the *Brink* Action be consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial.  The docket in case number CV 20-2524-MWF (AFMx) shall constitute the Master Docket for this action, and shall be captioned *In re: Beyond Meat, Inc. Derivative Litigation* (the "Consolidated Action").

The Court further **ORDERS** the parties in the Consolidated Action to meet and confer regarding the potential need for the appointment of a lead plaintiff, along with lead counsel.  Should the parties be able to reach an agreement, the parties should submit a stipulation regarding a lead plaintiff and/or lead counsel.  Otherwise, counsel must submit short (no more than five pages) applications for lead counsel and/or lead plaintiff by **April 24, 2020**.  Any response to these submissions can be no more than two pages, and must be submitted by **May 15, 2020**.  The *Brink* Action shall be closed upon consolidation.

Additionally, in light of the Court's concerns regarding discovery in the Consolidated Action and the *Tran* Action, the Court will have a joint status conference after the COOP is no longer in effect.

Finally, the Court has read and considered the Motions for Appointment of Lead Counsel and Lead Plaintiff filed in the *Tran* Action. (Docket Nos. 16, 20, 24, 28).  The Court has deemed the matters appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing is therefore **VACATED** and removed from the Court's calendar.  Vacating the hearing is now further supported by the COOP arising from the COVID-19 emergency.  If the Court determines a hearing is necessary, it will be scheduled once the COOP is terminated.  The briefing schedule remains in place pursuant to the Local Rules.

IT IS SO ORDERED.