# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BEYOND MEAT, INC. DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No.: CV-20-2524-MWF (AFMx) |

## ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, Derivative Plaintiffs [1] in the above-captioned Consolidated Action have made an application, pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the Stipulation of Settlement dated January 14, 2022 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissals of the Derivative Actions with prejudice; (ii) approving the form and content of the notice of the Settlement to Current Beyond Meat Stockholders; and setting a date for the Settlement Hearing;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (unless otherwise defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all Settling Parties have consented to the entry of this Order,

NOW THEREFORE, IT IS HEREBY ORDERED:

---

[1] "Derivative Plaintiffs" refers to plaintiffs Eric Weiner, Kimberly Brink, and the Executrix and/or Personal Representative of the Estate of Melvyn Klein in the above-captioned consolidated stockholder derivative action (the "Consolidated Action"). Derivative Plaintiffs, together with Kevin Chew, who is plaintiff to another shareholder derivative action pending in the United States District Court for the District of Delaware titled, *Chew v. Thompson, et al.*, 1:20-cv-00705-RGA (the "Delaware Action," and together with the Consolidated Action, the "Derivative Actions") are collectively referred to as "Plaintiffs."

1. This Court, for purposes of this Preliminary Approval Order, adopts the definitions set forth in the Stipulation.

2. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing, the Stipulation and the settlement set forth therein (the "Settlement"), including the terms and conditions for settlement and dismissals with prejudice of the Derivative Actions.

3. The Settlement Hearing shall be held before the Court on July 11, 2022 at 10:00 a.m.,[2] at the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Courtroom 5A, Los Angeles, CA 90012, to determine: (i) whether the terms and conditions of the Settlement set forth in the Stipulation are fair, reasonable, and adequate and should be finally approved by the Court; (ii) whether the Judgment finally approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation, should be entered, dismissing the Consolidated Action with prejudice, and releasing and enjoining the prosecution of any and all Released Claims; (iii) whether the notice to Current Beyond Meat Stockholders of the proposed Settlement fully satisfies the requirements of Rule 23.1 of the Federal Rule of Civil Procedure and the requirements of due process; (iv) whether the agreed-to Fee and Expense Amount should be approved; and (v) such other matters as the Court may deem necessary and appropriate.

4. The Court approves, as to form and content, the Notice to Current Beyond Meat Stockholders of Proposed Settlement and Dismissal with Prejudice of Derivative Actions ("Notice"), attached as Exhibit B to the Stipulation, and finds that posting a copy of the Notice and Stipulation, with its exhibits, on the Investor Relations page of Beyond Meat's website, filing the Notice and Stipulation, with its

---

[2] The Settling Parties respectfully request that the Settlement Hearing be scheduled at least forty-five (45) days after the deadline for providing notice of the Settlement to Current Beyond Meat Stockholders set forth in paragraph 4 hereof.

exhibits, with the U.S. Securities and Exchange Commission ("SEC") as exhibits to a Form 8-K or other appropriate filing, and issuing the Notice in a press release, substantially in the manner and form set forth in this Order meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Current Beyond Meat Stockholders and any other Persons entitled thereto.

5. Not later than ten (10) days following entry of this Order, Beyond Meat shall cause the notice of the Settlement to be given in the following manner: (i) posting a copy of the Notice and the Stipulation, with its exhibits, on the Investor Relations page of the Company's website; (ii) filing the Notice and the Stipulation, with its exhibits, with the SEC as exhibits to a Form 8-K or other appropriate filing; and (iii) issuing the Notice in a press release. The Notice shall provide a link to the Investor Relations page of Beyond Meat's website where the Notice and Stipulation, with its exhibits, may be viewed, which link shall be maintained through the date of the Settlement Hearing.

6. Beyond Meat shall undertake the administrative responsibility, and shall be solely responsible, for paying the costs and expenses related to, and giving notice of, the Settlement to Current Beyond Meat Stockholders in the manner set forth in paragraph 4 herein.

7. No later than twenty (20) following entry of this Order, Settling Defendants' Counsel shall file with the Court, proof, by affidavit or declaration, of the publication, filing, and posting of the notice of the Settlement pursuant to the terms of this Order.

8. All papers in support of the Settlement, the Fee and Expense Amount and the Service Awards, shall be filed with the Court and served at least twenty-eight (28) calendar days prior to the Settlement Hearing, and any reply papers shall be filed with the Court at least seven (7) days prior to the Settlement Hearing.

9. Any Current Beyond Meat Stockholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, or why any Fee and Expense Amount and the Service Awards, should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current Beyond Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or any Fee and Expense Amount and the Service Awards, unless that stockholder has, at least twenty-one (21) days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of Beyond Meat common stock as of the date of the Stipulation of Settlement and through the date of the filing of any such objection, including the number of shares of Beyond Meat common stock held and the date of purchase or acquisition; (c) any and all documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if a Current Beyond Meat Stockholder intends to appear and requests to be heard at the Settlement Hearing, such stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing. If a Current Beyond Meat Stockholder files a written objection and/or written notice of intent to appear, such shareholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers

or briefs such shareholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

*Counsel for Plaintiffs:*

THE BROWN LAW FIRM, P.C.
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
E-mail: tbrown@thebrownlawfirm.net

GAINEY McKENNA & EGLESTON
Thomas J. McKenna
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 983-1300
Email: tjmckenna@gme-law.com

*Co-Lead Counsel for Derivative Plaintiffs*

THE ROSEN LAW FIRM, P.A.
Phillip Kim
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
E-mail: pkim@rosenlegal.com

*Counsel for Plaintiff Kevin Chew*

*Counsel for Defendants:*

STOEL RIVES LLP
B. John Casey
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 294-9170
Email: john.casey@stoel.com

*Counsel for Settling Defendants*

10. Any Current Beyond Meat Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or any Fee and Expense Amount and the Service Awards to Plaintiffs, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Consolidated Action with prejudice, and any and all of the releases set forth in the Stipulation.

11. All Current Beyond Meat Stockholders shall be bound by all orders, determinations, and judgments in the Consolidated Action concerning the Settlement, whether favorable or unfavorable to Current Beyond Meat Stockholders.

12. Pending the Effective Date of the Stipulation or the termination of the Stipulation according to its terms, Plaintiffs and Beyond Meat stockholders, anyone who acts or purports to act on their behalf, and all Releasing Persons are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims derivatively against any of the Released Persons in any court or tribunal.

13. All proceedings in the Consolidated Action are stayed until further order of the Court except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

14. Neither the Settlement, the Stipulation (including any exhibits attached hereto) nor any act performed or document executed pursuant to or in furtherance of the Stipulation or Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way as a presumption, a concession, admission, or evidence of the validity or infirmity of any Released Claims, or of any fault, wrongdoing or liability of the Released Persons; (b) is, may be deemed to be, or may be used as a presumption, concession, admission or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative, or other proceeding in any court, administrative agency, tribunal, or other forum; or (c) is or may be deemed an admission by any Party as to the merits or lack thereof of any claim, allegation, or defense.

15. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement in Court.

16. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current Beyond Meat Stockholders and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may decide to hold the

Settlement Hearing telephonically or by videoconference without further notice to Current Beyond Meat Stockholders. Any Current Beyond Meat Stockholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar and/or the Investor Relations page of Beyond Meat's website for any change in date, time or format of the Settlement Hearing. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current Beyond Meat Stockholders.

Dated: March 31, 2022

                              Honorable Michael W. Fitzgerald
                              United States District Judge